UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL E. ACEVEDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV859(CDP) |
| | ) | |
| CITY OF O'FALLON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Michael E. Acevedo for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. Plaintiff also seeks to have various public officials impeached and removed from office. Named as defendants are the City of O'Fallon, Missouri ("City"), Unknown Mayor, Unknown Chief of Police, Robert Schrum (police officer for the City), Unknown Frye (police officer for the City), Robert Wohler (municipal judge), Larry Nesslage (prosecuting attorney for the City), and Ted House (Circuit Judge).

Plaintiff states that he was stopped by defendant Schrum who asked to see plaintiff's driver's license. Plaintiff told

Schrum that he "did not need one." Schrum then asked plaintiff to get out of the truck and plaintiff refused. Plaintiff states that Schrum then drew "his gun halfway out of the holster [threatening] to inflict harm to plaintiff." Plaintiff asserts that Schrum handcuffed him, searched him, removed property from his back pocket, and placed him into the police car. Plaintiff claims that Schrum denied him due process of law "by malicious and excessive force of police misconduct." Plaintiff also claims that Schrum unlawfully imprisoned him for two days and that Schrum failed to comply with state law.

Plaintiff alleges that defendant Frye arrived on the scene and removed the keys from his truck. Plaintiff asserts that Frye "search[ed] plaintiff's camper," removed the license plate from the vehicle, and had plaintiff's truck towed to an impound lot in Wentzville, Mo, all without a warrant. Plaintiff alleges that he was denied due process of law because he did not receive a hearing before having his truck towed.

Plaintiff alleges that defendants Wohler and Nesslage are in violation of Missouri Revised Statute § 79.260.[1] Plaintiff

---

[1] Mo. Rev. Stat. § 79.260 provides that "every officer of the city, his assistants, and every alderman" shall take an oath (or affirm) before the county court or the city clerk that he is qualified to hold office, that he will support the state and federal Constitutions, that he will support the laws of the state and ordinances of the city, and that he will faithfully demean himself while in office. The oath is to be filed with the city clerk. The statute further provides that - if required by state law or by ordinance - the officer will give bond to the city. "If any person elected or appointed to any office shall fail to

3

appears to contend that the failure of defendants Wohler and Nesslage to comply with § 79.260 means that they did not properly hold their offices and, therefore, his convictions are invalid. Plaintiff alleges that defendant House "does not have an oath of office on his Commission filed with the Secretary for the State of Missouri" and, therefore, does not properly hold the position of Circuit Judge.[2]

Finally, plaintiff alleges that he "asked that the air-conditioning be turned off or that [he] be given an extra[] blanket because of arthritis in every joint . . . [but, the] officer said he could not turn off the air-conditioning and one blanket per person."

For relief, plaintiff seeks actual damages, an unspecified declaration of his rights, and an unspecified injunction. Additionally, plaintiff states that he "reserves his

---

take and subscribe such oath or affirmation, or to give bond as herein required, his office shall be deemed vacant." Mo. Rev. Stat. § 79.260.

[2]Plaintiff was charged with failing to register his vehicle and operating his vehicle on a highway without a valid or no driver's license in violation of municipal ordinance. City of O'Fallon v. Acevedo, No. 04CR128825, www.casenet.com. It further appears that plaintiff was found guilty in municipal court and sought a trial de novo in the Circuit Court for St. Charles County, Missouri. Id.; Mo. R. Crim. P. 37.71. Plaintiff was found guilty of two ordinance violations and fined $50 (plus court costs) for each violation. Id. Plaintiff's appeal to the Missouri Court of Appeals, Eastern District, was dismissed for failing to submit a brief that complied with Missouri Supreme Court rules. City of O'Fallon v. Acevedo, Case No. ED86293 (Mo. App. 2006), www. casenet.com.

4

right to request the release of all collateral liens, and the expungement of records in the instant matter."

## Discussion

Even liberally construed, plaintiff's complaint fails to assert facts indicating that his arrest, the search of his person and vehicle, and the towing of his vehicle violated plaintiff's constitutional rights. Plaintiff does not assert that his vehicle was properly registered as required by law (either state statute or municipal ordinance) or that he had a valid, non-revoked state driver's license. To the contrary, plaintiff seems to believe that he does not need a driver's license to operate a motor vehicle and that he does not need to comply with vehicle registration laws - these requirements being, in plaintiff's view, "civil matters." Driving, however, is a privilege, not a right. Stewart v. Dir. of Revenue, 702 S.W.2d 472, 475 n.2 (Mo. 1986).

Under Missouri law, municipal ordinance violations are quasi-criminal in nature. Strode v. Dir. of Revenue, 224 S.W.2d 245, 247 (Mo. 1987); Tolen v. Missouri Dept. of Revneue, 564 S.W.2d 601, 602 (Mo. App. 1978). State statutory law provides that a person who violates a municipal ordinance may be arrested without a warrant by an officer who sees the violation. Mo. Rev. Stat. § 544.216. Furthermore, if a police officer has probable cause to believe an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth

Amendment, arrest the offender. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001).

Warrantless searches of the person arrested and his vehicle are valid when conducted incident to a lawful custodial arrest. Michigan v. DeFillippo, 443 U.S. 31, 35 (1979) (search of defendant's shirt pocket valid because incident to arrest for violating ordinance requiring individual to produce identification when stopped by police for questioning about possible criminal behavior); Thornton v. United States, 541 U.S. 615, 622-23 (2004) (search of entire vehicle passenger compartment valid as incident to arrest of someone in car). When a driver of a vehicle is arrested, state law provides that the police may have the vehicle towed by a private towing company to a place of safety. Mo. Rev. Stat. § 304.155.1(5). Because the state has an undeniable interest in maintaining the safety of its highways, due process does not require a hearing before towing a driverless vehicle from the road. See City of Los Angeles v. David, 538 U.S. 715, 719 (2003) (pre-deprivation hearing on decision to tow is impossible if city is to be able to enforce parking rules).

Persons arrested without a warrant must promptly be brought before a neutral magistrate for a judicial determination of probable cause. Gerstein v. Pugh, 420 U.S. 103, 114 (1975). Promptly, however, does not mean immediately upon completion of booking. County of Riverside v. McLaughlin, 500 U.S. 44, 53 (1991). Instead, judicial determinations of probable cause within

6

48 hours of arrest will, as a general matter, comply with Gerstein's promptness requirement. Id. at 56. While a probable cause determination made within 48 hours of arrest does not automatically pass constitutional muster, plaintiff must show that any probable cause hearing held within that time frame was unreasonably delayed. Id. at 56-57.

As pleaded, the complaint describes a lawful traffic stop, a lawful arrest, a lawful search incident to arrest, lawful towing of plaintiff's vehicle, and lawful detention of plaintiff. Therefore, plaintiff's claims stemming from this confrontation with police officers should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against defendant City should be dismissed because there is no indication that plaintiff's constitutional rights were violated or, if violated, that the violation occurred because of the City's policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658, 691-94 (1978).

Plaintiff's claims against defendants Unknown Mayor, Unknown Chief of Police, and the County of St. Charles should be dismissed because respondeat superior does not apply to § 1983 actions. Glick v. Sargent, 696 F.2d 413-414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

Assuming, without deciding, that plaintiff's allegation that defendants Wohler, Nusslage, and House were not properly holding their offices (due to their failure to properly take and

7

file their oaths of office) and, therefore, his convictions are invalid, then plaintiff's claims against these defendants are barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (convicted person cannot bring § 1983 claim for damages stemming from the conviction unless and until the conviction is reversed or otherwise called into question in an appropriate proceeding).[3]

Plaintiff's claim concerning the air conditioning and temperature should be dismissed because he does not identify any persons who were personally and directly responsible for the alleged conditions. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990)(holding that liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Additionally, conditions of confinement claims asserted by pretrial detainees are analyzed under the same "deliberate indifference" standard as conditions of confinement claims made by convicted inmates. See Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006); Crow v. Montgomery, 403 F.3d 598, 601 (8th Cir. 2005).

---

[3]Even if these claims are not barred under Heck or if the failure to properly take or file their oaths does not invalidate plaintiff's convictions, then these claims should still be dismissed because the mere failure to follow state law does not - by itself - rise to the level of a constitutional violation. Meis v. Gunter, 906 F.2d 364, 369 (8th Cir. 1990).

8

"Deliberate indifference" has both an objective and subjective component. <u>Butler</u>, 465 F.3d at 645. The objective component is satisfied only if the condition is sufficiently serious. <u>See</u> <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). In the case at hand, the alleged condition does not satisfy the objective component of the deliberate indifference standard - especially given the short duration of plaintiff's confinement.

Plaintiff's claims under 42 U.S.C. §§ 1985(2) and (3) should also be dismissed. In general, 42 U.S.C. § 1985 creates a private cause of action against persons who conspire to deprive a person of civil rights. In pertinent part, § 1985(2) proscribes conspiracies:

> for the purpose of impeding, hindering, obstructing, or defeating in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of laws.

The pertinent part of § 1985(3) prohibits conspirarcies:

> for the purpose of depriving, either directly or indirectly, any person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws.

To state a claim under § 1985(2) or §1985(3), plaintiff

9

must allege with sufficient particularity and demonstrate with specific material facts that the defendants reached some agreement and conspired to deprive him of his federal civil rights. Gometz v. Culwell, 850 F.2d 461, 463-64 (8th Cir. 1988). Furthermore, plaintiff must allege racial or other class-based discriminatory animus in connection with his § 1985(2) and § 1985(3) claims. See United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Lewellen v. Raff, 843 F.2d 1104, 1116-17 n.16 (8th Cir. 1988). The instant complaint alleges neither facts supporting the existence of a conspiracy to deprive plaintiff of his federally protected rights nor facts indicating racial or other class-based discriminatory animus.[4]

Finally, having determined that the complaint fails to allege a colorable violation of plaintiff's federally protected rights, plaintiff is not entitled to relief under 42 U.S.C. § 1988.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue

---

[4] With regard to plaintiff's § 1985(2) claim, the Court further notes that plaintiff has also failed to allege facts indicating that he was hindered or obstructed "in the due course of justice." Merely being the losing party in the municipal and state court actions is not a sufficient basis from which to infer obstruction of justice.

process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of May, 2007.

_____
**UNITED STATES DISTRICT JUDGE**